[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10730
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:08-cv-00508-MCR-EMT

DAVID NELSON,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 12, 2010)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Plaintiff David Nelson, proceeding *pro se*, appeals the district court's grant

of summary judgment in favor of the defendant-appellee, the United States, on

Nelson's tax refund action brought pursuant to 26 U.S.C. § 7422. On appeal, Nelson argues that his wages from a private sector job are not subject to federal taxation. Nelson also asserts that the district court abused its discretion in denying his motion to file a second amended complaint. After review, we affirm.

## I. BACKGROUND

From 2002 to 2007, Nelson worked as an airline pilot for Northwest Airlines ("Northwest"), a private sector company. Each year from 2002 to 2007, Northwest reported Nelson's pay as "wages" to the IRS on a W-2 form and withheld federal income and Federal Insurance Contribution Act ("FICA") taxes. Nelson filed federal income tax returns or amended returns for 2002 to 2007. In his 2002 to 2007 returns, Nelson did not report any of the Northwest income as taxable and claimed refunds of $176,979.62, representing the federal income and FICA taxes that Northwest had withheld from his wages.

After receiving a tax refund from the IRS only for the year 2005, Nelson brought this 26 U.S.C. § 7422 action in federal court seeking a refund of the taxes on his earnings from Northwest for the years 2002 to 2004, 2006, and 2007.[1]

The district court denied Nelson's summary judgment motion on all of his

---

[1]For tax year 2005, the IRS initially issued Nelson a full refund but now contends that refund was issued in error. The IRS has now reversed its decision to refund Nelson for the 2005 tax year and determined Nelson owes $10,490.39 for that year.

tax refund claims and granted summary judgment in favor of the United States on Nelson's claims for 2003, 2004, and 2007. The district court dismissed Nelson's claims for 2002 and 2006 for lack of jurisdiction, and, in the alternative, granted summary judgment in favor of the United States on those claims. The court denied Nelson's motion to file a second amended complaint, reasoning that his proposed second amended complaint merely re-asserted the claims in his first amended complaint and would be futile.

## II. DISCUSSION

### A.    Taxable Income

On appeal, Nelson challenges the district court's ruling as to his 2003, 2004, and 2007 tax refund claims but not his 2002 and 2006 claims.[2] Specifically, Nelson argues that private sector income is not taxable by the federal government because the definition of "wages" in the Internal Revenue Code, 26 U.S.C. § 3401(a), does not apply to income from private sector jobs that are unconnected to the federal government.

---

[2]As to Nelson's 2002 and 2006 tax refund claims, the district court concluded it lacked jurisdiction. Because Nelson does not challenge the district court's ruling, he has waived his 2002 and 2006 claims. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (concluding issues not briefed on appeal by a pro se litigant are deemed abandoned).

Nelson also raised a variety of arguments before the district court that he does not raise on appeal, including challenges to the constitutionality of the tax laws and of the particular taxes imposed on his pay. Because Nelson does not raise these arguments on appeal, he has waived them as well. See id.

Section 1 of the Internal Revenue Code imposes a tax on the "taxable income" of every individual.  See 26 U.S.C. § 1(a)-(d); see also 26 U.S.C. § 3101 (imposing FICA taxes on "every individual").  "Taxable income" is defined as "gross income minus the deductions allowed by this chapter."  26 U.S.C. § 63(a). "[G]ross income means all income from whatever source derived, including . . . [c]ompensation for services . . . ."  26 U.S.C. § 61(a)(1).  In his amended complaint, Nelson concedes that Northwestern paid him in exchange for his work as a pilot from 2002 to 2007 and reported that pay as "wages."

We have repeatedly rejected arguments, such as Nelson's, asserting that private sector employment income is not subject to federal taxation.  E.g., United States v. Morse, 532 F.3d 1130, 1132-33 (11th Cir. 2008) (concluding that argument that individual's income is not subject to federal taxation because his income "was derived from employment in the private sector" is "utterly without merit" and "frivolous") (quotation marks omitted); Motes v. United States, 785 F.2d  928, 928 (11th Cir. 1986) (rejecting argument that "only public servants are subject to tax liability").  Indeed, courts have imposed sanctions, even on pro se litigants, for raising such arguments.  See, e.g., Morse, 532 F.3d at 1133 (upholding sanctions against pro se defendant who raised defense that private sector income is not subject to federal taxation).  Thus, Nelson's non-taxable-

income argument is foreclosed by our precedent, and the district court did not err in granting summary judgment in favor of the United States on Nelson's 2003, 2004, and 2007 refund claims.[3]

Nelson's reliance on 26 U.S.C. § 6051 does not help him because § 6051 does not impose a tax on Nelson, but instead provides only reporting requirements for his employer. In addition, courts consistently have rejected arguments like Nelson's that 26 U.S.C. § 3401(c) excludes private sector employees from federal taxation. See, e.g., Sullivan v. United States, 788 F.2d 813, 815 (1st Cir. 1986) (rejecting plaintiff's argument that he received no "wages" because he was not an "employee" under § 3401(c), reasoning that § 3401(c) "does not purport to limit withholding to the persons listed therein," and noting that § 3401(c) concerns income tax withholding); United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985) (upholding district court's refusal to give jury instruction that "under 26 U.S.C. § 3401(c) the category of 'employee' does not include privately employed wage earners," noting this instruction was "inane . . . [and] a preposterous reading of the statute," and stating, "[i]t is obvious that within the context of [§ 3401(c)]

_____

[3]We review de novo the district court's grant of summary judgment. Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1265 (11th Cir. 2008). In doing so, "[w]e draw all factual inferences in a light most favorable to the non-moving party," here, Nelson. Shiver v. Chertoff, 549 F.3d 1342, 1343 (11th Cir. 2008). Summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

the word 'includes' is a term of enlargement not of limitation, and the reference to certain entities or categories is not intended to exclude all others").

**B.    Motion to File Second Amended Complaint**

Nelson also argues that the district court should have granted his motion to file a second amended complaint.[4]  The district court did not abuse its discretion in denying Nelson's motion because it properly concluded Nelson's proposed second amendment would have been futile.  Nelson's proposed second amended complaint contained no new claims for relief, merely restated the relevant facts as to the claims presented in Nelson's first amended complaint, and reiterated the legal arguments he already had presented in his motion for summary judgment.  As such, the proposed second amended complaint contained nothing that would have altered the district court's decision to grant summary judgment in favor of the United States.  See Sibley v. Lando, 437 F.3d 1067, 1074 (11th Cir. 2005) (concluding that proposed amended complaint, which added a transcript, would not change the fact that defendant was immune from suit, and thus amendment would be futile).  And Nelson had already been given the opportunity to amend his

---

[4]This Court "review[s] the denial of a motion to amend a complaint for abuse of discretion.  The underlying legal conclusion of whether a particular amendment to the complaint would have been futile is review de novo."  Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005) (citation omitted).

6

original complaint once.

## III. CONCLUSION

For all these reasons, we affirm the judgment of the district court.

**AFFIRMED.**