[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11581
Non-Argument Calendar
_____

Agency No. 21102-10


DAVID LOVEN NELSON,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.


_____

Petition for Review of a Decision of the
U.S.Tax Court
_____

(September 26, 2013)

Before DUBINA, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Appellant David Nelson appeals *pro se* the tax court's decision upholding the Commissioner of the Internal Revenue Service's ("the Commissioner") deficiency determinations for tax years 2005 and 2008. According to the Commissioner, Nelson had a tax deficiency in 2005 of $40,153, and was assessed penalties of: (1) $9,034.43 under I.R.C. § 6651(a)(1); (2) $1,610.62 under § 6654(a); and (3) $9,837.49 under § 6651(a)(2). In 2008, Nelson's tax deficiency was $86,440, and he was assessed penalties of: (1) $12,112.20 under § 6651(a)(1); and (2) $3,499.08 under § 6651(a)(2). The record shows that, during the years in question, Nelson's tax returns indicated that his wages were zero and that his occupation was "American citizen." However, Nelson was employed by Northwest Airlines as a pilot and earned wages of $154,749.00 in 2005, and $264,640.00 in 2008.

Nelson argued before the tax court that he did not receive "wages" because his activities did not constitute "employment," as those terms are defined in the Internal Revenue Code. He claimed that, during 2005 and 2008, he did not have any taxable income because he did not perform a "service" (1) within the Commonwealth of Puerto Rico, the Virgin Islands, Guam, or American Samoa, (2) on or in connection with an American vessel or aircraft under a contract of service entered into within the Commonwealth of Puerto Rico, the Virgin Islands, Guam, or American Samoa, (3) for the United States or any instrumentality

2

thereof.  Thus, he asserted that he did not earn "wages" based on, *inter alia*, the definitions of "employment" and "employee" in 26 U.S.C. §§ 3121 and 3401(c).  The tax court rejected Nelson's arguments as frivolous, upheld the Commissioner's deficiency determinations, and *sua sponte* imposed a $2,000 sanction against Nelson.  On appeal, Nelson again argues that, in 2005 and 2008, he was not engaged in any activities subject to federal employment taxation, as defined in § 3121(b).  He concedes that he was paid for his work at Northwest Airlines and essentially contends that the issue on appeal is whether his pay from 2005 and 2008 constitutes wages from "employment."

Section 1 of the Internal Revenue Code imposes a tax on the "taxable income" of every individual.  26 U.S.C. § 1(a)-(d); *see also* 26 U.S.C. § 3101 (imposing FICA taxes on "every individual").   Taxable income is gross income minus allowable deductions.  26 U.S.C. § 63(a). "[G]ross income means all income from whatever source derived, including (but not limited to) . . . [c]ompensation for services." 26 U.S.C. § 61(a)(1). "Wages" include "all remuneration for employment."  26 U.S.C. § 3121(a).  "Employment" is defined as "any service, of whatever nature, performed by an employee for the person employing him, irrespective of the citizenship or residence of either, *within the United States*."  *Id.* § 3121(b)(A)(i) (emphasis added).

3

Undisputedly, Nelson worked for Northwest Airlines as a pilot and received "wages" for his work.  Indeed, Nelson concedes that he was paid in exchange for his services.  Nelson's wages, as compensation for services, constituted taxable gross income.  *See* 26 U.S.C. §§ 1(a)-(d), 61(a)(1), 63(a).  Further, Nelson's work for Northwest constitutes "employment" within § 3121(b), because his service was performed within the United States, irrespective of the citizenship or residence of either party.  *See id.* § 3121(b)(A)(i).  Nelson's reading of the statute wholly ignores subsection (i), which defines "employment" as service between an employer and employee within the United States.  We have repeatedly rejected arguments, such as Nelson's, asserting that private sector employment income is not subject to federal taxation.  *See United States v. Morse*, 532 F.3d 1130, 1132-33 (11th Cir. 2008); *Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986).  Thus, we affirm the tax court's determination.

Moreover, we have imposed sanctions, even against *pro se* litigants, for maintaining such frivolous arguments after being warned that the arguments are frivolous.  *See Morse,* 532 F.3d at 1133; *Motes*, 785 F.2d at 728.  Nelson has previously been warned, both by the tax court and by this Court, that his arguments are frivolous.  *See Nelson v. United States*, 392 F. App'x 681, 682-83 (11th Cir. 2010) (unpublished).  Further, Nelson's reply brief was filed 24 days after the Commissioner filed a motion for sanctions, affording Nelson a "reasonable

4

opportunity to respond" to the motion in his brief.  *See* Fed.R.App.P. 38.  In addition, the docket sheet shows that Nelson has made no separate response to the Commissioner's motion.  Accordingly, we conclude that sanctions are appropriate, and we will enter a separate order granting the Commissioner's motion for sanctions.

**AFFIRMED.**