T.C. Memo. 2017-5

UNITED STATES TAX COURT

BRIAN E. HARRISS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 12528-14, 25358-14.          Filed January 5, 2017.

Brian E. Harriss, pro se.

<u>Randall B. Childs</u> and <u>Caroline R. Krivacka</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  In these consolidated cases respondent determined deficiencies, additions to tax, and penalties with respect to petitioner's 2010 and 2011 Federal income tax as follows:

[*2]

| Year | Deficiency | Additions to tax | | Penalty |
| | | sec. 6651(a)(1) | sec. 6651(a)(2) | sec. 6662(a) |
|---|---|---|---|---|
| 2010 | $49,968 | --- | $3,341.33 | $3,427 |
| 2011 | 40,259 | $3,211.25 | --- | 2,569 |

After concessions,[1] the issues for decision are: (1) whether compensation petitioner received from his employers is includible in income for the 2010 and 2011 tax years; (2) whether a distribution from petitioner's individual retirement account (IRA) is includible in income for the 2010 tax year; (3) whether petitioner is liable for a 10% additional tax on the IRA distribution under section 72(t) for the 2010 tax year; (4) whether petitioner is liable for an addition to tax under section 6651(a)(1) for the 2011 tax year; (5) whether petitioner is liable for an addition to tax under section 6651(a)(2) for the 2010 tax year; (6) whether petitioner is liable for accuracy-related penalties under section 6662(a) for the 2010 and 2011 tax years; and (7) whether the Court should impose a penalty on petitioner under section 6673(a)(1).[2]

---

[1] Before trial respondent conceded that he had incorrectly included a $29 dividend in petitioner's 2010 income and a $1,174 dividend in petitioner's 2011 income.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3]                    FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Alaska when he timely filed the petitions.

Petitioner is a licensed engineer with bachelor's and master's degrees from the Georgia Institute of Technology. During 2010 petitioner worked as an engineer for Bergaila & Associates, Inc. (Bergaila). Bergaila paid petitioner $26,425 for the services he performed in 2010. That same year petitioner withdrew $28,250 from an IRA that he held at TD Ameritrade. Petitioner was below age 59-1/2 in 2010.

At some point in 2010 not established by the record, petitioner resigned from Bergaila and began working as an engineer for CH2M Hill Alaska, Inc. (CH2M). CH2M paid petitioner a salary of $128,970 in 2010 and $161,000.96 in 2011.

On February 16, 2013, petitioner filed Forms 1040, U.S. Individual Income Tax Return, for the 2010 and 2011 tax years via certified mail in a single envelope addressed to respondent. On his 2010 return he reported zero wages. Petitioner also reported a taxable amount of zero with respect to the above-described IRA distribution. Petitioner attached to his 2010 return three Forms 4852, Substitute

[*4] for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.  On his Forms 4852 petitioner:  (1) claimed that Bergaila had paid him zero wages and withheld $6,984 in Federal income, Social Security, and Medicare taxes; (2) claimed that CH2M had paid him zero wages and withheld $36,429 in Federal income, Social Security, and Medicare taxes, and (3) reported a distribution of $28,250 from his IRA but claimed the taxable amount was zero.

Petitioner also reported zero wages on his 2011 return.  He attached to his 2011 return one Form 4852 in which he claimed that CH2M had paid him zero wages and withheld $34,475 in Federal income, Social Security, and Medicare taxes.

In a cover letter accompanying his returns, petitioner explained that he was disputing information returns prepared by Bergaila, CH2M, and TD Ameritrade because "our non-federally-connected work or business arrangement is an entirely private agreement, not involving the exercise of any federal privilege."

Respondent selected petitioner's 2010 and 2011 returns for examination. Following the examination, respondent sent petitioner a timely notice of deficiency for each tax year.  The notice for 2010 included petitioner's unreported wages and IRA distribution in income, determined a 10% additional tax on

[*5] petitioner's premature IRA distribution, and determined an addition to tax under section 6651(a)(2) and an accuracy-related penalty under section 6662. The notice for 2011 included petitioner's unreported wages in income and determined an addition to tax under section 6651(a)(1) and an accuracy-related penalty under section 6662.

OPINION

I.    Preliminary Matters

Petitioner argues that respondent bears the burden of proof with respect to his unreported income for both tax years. For the reasons below, we disagree.

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the Commissioner's determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[3] Under section 6201(d), if a taxpayer asserts a reasonable dispute with respect to an item of income reported on an information return filed by a third party and the taxpayer meets certain other requirements, the Commissioner bears the burden of producing reasonable and probative evidence,

_____

[3] Petitioner has not shown entitlement to any shift in the burden of proof to respondent pursuant to sec. 7491(a). See Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

**[\*6]** in addition to the information return, concerning the deficiency attributable to the income item.

Petitioner argues that we should set aside the notices of deficiency because respondent failed to satisfy the requirements of section 6201(d) when he relied only on third-party information returns. However, section 6201(d) is not applicable here because petitioner's frivolous position that his wages are not taxable does not constitute a "reasonable dispute" with respect to an item of income. See, e.g., Nelson v. Commissioner, T.C. Memo. 2012-232, aff'd, 540 F. App'x 924 (11th Cir. 2013).

Petitioner also argues that the presumption of correctness does not apply to the notices of deficiency because respondent failed to establish an evidentiary foundation linking him to income-producing activity. In the Court of Appeals for the Ninth Circuit, to which an appeal of these cases presumably would lie absent a stipulation to the contrary, see sec. 7482(b)(1)(A), (2), the presumption of correctness does not attach in cases involving unreported income unless the Commissioner first establishes an evidentiary foundation linking the taxpayer to the alleged income-producing activity, see Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977). The requisite evidentiary foundation is minimal and need not include direct evidence. See

[*7] Banister v. Commissioner, T.C. Memo. 2008-201, aff'd, 418 F. App'x 637 (9th Cir. 2011). Once the Commissioner produces evidence linking the taxpayer to an income-producing activity, the burden shifts to the taxpayer "to rebut the presumption of correctness of * * * [the Commissioner's] deficiency determination by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous." Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989); see also Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.

Respondent has adequately established an evidentiary foundation linking petitioner to his employment activity and the IRA withdrawal. Petitioner stipulated that he was compensated by Bergaila and CH2M for his work as an engineer during the years in issue. Petitioner also stipulated that he withdrew funds from a TD Ameritrade retirement account. In his response to respondent's first request for admissions, petitioner admitted that TD Ameritrade had characterized this account as an IRA. Accordingly, respondent's determinations that petitioner had unreported income and is liable for deficiencies for 2010 and 2011 are presumed correct, and petitioner bears the burden of proving that respondent's determinations are erroneous. See Rule 142(a)(1); Welch v. Helvering, 290 U.S. at 115.

[*8] II.     Unreported Wage Income

Petitioner concedes that he received the amounts of compensation set out in the notices of deficiency.  However, petitioner argues that the compensation he received in 2010 and 2011 was not taxable income within the meaning of the law.

Section 61(a) defines gross income to include "income from whatever source derived".  More specifically, section 61(a)(1) includes in an individual's gross income any compensation for services, interest payments, dividend payments, and gains derived from dealings in property.  Clearly, petitioner's compensation from Bergaila and CH2M is gross income for Federal income tax purposes.  See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955) (stating that gross income includes all accessions to wealth that are clearly realized and under the control of the taxpayer); McNair v. Eggers, 788 F.2d 1509, 1510 (11th Cir. 1986) (describing the taxpayer's argument that his wages were not income as "patently frivolous"); Grimes v. Commissioner, 82 T.C. 235, 237 (1984); Reiff v. Commissioner, 77 T.C. 1169, 1173 (1981).

Petitioner's assertion to the contrary, that is, that the payments made to him for his services are not gross income, is frivolous and characteristic of rhetoric that

[*9] has been universally rejected by this and other courts.[4] See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), aff'g T.C. Memo. 1987-225. The Court need not address petitioner's assertions "with somber reasoning and copious citation to precedent; to do so might suggest that these arguments have some colorable merit." See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); Wnuck v. Commissioner, 136 T.C. 498 (2011). Consequently, we uphold respondent's determinations with respect to petitioner's wage income for 2010 and 2011.

## III. IRA Distribution

Petitioner argues that the $28,250 distribution he received from his IRA is not taxable income. We disagree.

Subject to certain exceptions, amounts distributed from an IRA are includible in a taxpayer's gross income as provided in section 72. Sec. 408(d)(1). Petitioner, who has not established that an exception applies, argues that his retirement account was not an IRA. However, petitioner has offered no evidence

---

[4] Petitioner acknowledges that "wages" are taxable but argues that the term does not encompass the compensation he received from his employers. This position has been previously rejected by this Court as baseless and subject to the imposition of sec. 6673 penalties. See Waltner v. Commissioner, T.C. Memo. 2014-35, aff'd, __ F. App'x __, 2016 WL 5800492 (9th Cir. Oct. 5, 2016); Nelson v. Commissioner, T.C. Memo. 2012-232, aff'd, 540 F. App'x 924 (11th Cir. 2013).

**[*10]** supporting this contention. Accordingly, the distribution is includible in petitioner's gross income.

IV. <u>Section 72(t) Tax</u>

IRA distributions made before the taxpayer's attaining the age of 59-1/2 that are includible in income are generally subject to a 10% additional tax unless an exception applies. <u>See</u> sec. 72(t)(1), (2)(A)(i). Because the section 72(t) additional tax is a "tax" and not a "penalty, addition to tax, or additional amount" within the meaning of section 7491(c), the burden of production with respect to the additional tax remains on petitioner. <u>See</u> <u>El v. Commissioner</u>, 144 T.C. 140, 148 (2015). Petitioner, who was under 59-1/2 years of age in 2010, has neither argued nor established that any of the statutory exceptions applies. <u>See</u> sec. 72(t)(2). Accordingly, the distribution is subject to the 10% additional tax under section 72(t).

V. <u>Additions to Tax</u>

A. <u>Section 6651(a)(1)</u>

Respondent determined that petitioner is liable for the section 6651(a)(1) late-filing addition to tax for the 2011 tax year. Section 6651(a)(1) imposes an addition to tax for failing to file a return by the filing deadline (as extended) unless such failure is due to reasonable cause and not due to willful neglect. Pursuant to

**[*11]** section 7491(c), respondent has the burden of production with respect to this addition to tax.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioner stipulated that he filed his 2011 return on February 16, 2013, several months after the extended filing deadline of October 15, 2012. Consequently, respondent has met his burden of producing evidence that the late-filing addition to tax should be imposed for 2011.  Petitioner has not demonstrated that he had reasonable cause for his failure to file a timely return. He is therefore liable for the section 6651(a)(1) addition to tax for 2011.

B.      Section 6651(a)(2)

Respondent also determined that petitioner is liable for the section 6651(a)(2) late-payment addition to tax for the 2010 tax year.  Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on a taxpayer's Federal income tax return on or before the payment due date unless such failure is due to reasonable cause and not due to willful neglect.  The section 6651(a)(2) addition to tax applies only when an amount of tax is shown on a return filed by the taxpayer or prepared by the Secretary.  Sec. 6651(a)(2), (g)(2); Cabirac v. Commissioner, 120 T.C. 163, 170 (2003), aff'd without published opinion, 94 A.F.T.R. 2d (RIA) 2004-5490 (3d Cir. 2004).  Pursuant to section 7491(c),

[*12] respondent has the burden of production with respect to this addition to tax. See Higbee v. Commissioner, 116 T.C. at 446.

Respondent has not carried his burden here. Petitioner's 2010 return, which respondent received and processed, shows a tax of zero. There is nothing in the record to indicate that a substitute for return (SFR) meeting the requirements of section 6020(b) was ever prepared for the 2010 tax year.[5] We therefore hold that petitioner is not liable for the section 6651(a)(2) addition to tax.

## VI. Accuracy-Related Penalty

Respondent also determined that petitioner is liable for accuracy-related penalties under section 6662(a) for the 2010 and 2011 tax years.[6] Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer may be liable for a penalty of 20%

---

[5] Over petitioner's objection respondent introduced a literal transcript of account for petitioner's 2010 tax year. The literal transcript contains no reference to any SFRs. Even if it did, the literal transcript does not establish that the requirements of sec. 6020(b) were satisfied. See Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Gardner v. Commissioner, T.C. Memo. 2013-67, at *24.

[6] For 2010 respondent determined in the notice of deficiency that the underpayment was attributable to one or more of the following: (1) negligence or disregard of rules or regulations, (2) a substantial understatement of income tax, (3) a substantial valuation misstatement, or (4) a transaction lacking economic substance. For 2011 respondent determined in the notice of deficiency that petitioner's underpayment was attributable to a substantial understatement of income tax. In his answer respondent raised the issue of negligence or disregard of rules or regulations as another basis for the accuracy-related penalty for 2011.

**[*13]** on the portion of an underpayment of tax attributable to: (1) negligence or disregard of rules or regulations or (2) a substantial understatement of income tax. Whether applied because of a substantial understatement of income tax or negligence or disregard of rules or regulations, the accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Humphrey, Farrington & McClain, P.C. v. Commissioner, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs.

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code and any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348, 353 (9th Cir. 1991); see also Neely v. Commissioner, 85 T.C. 934, 947

**[*14]** (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

Petitioner reported zero tax liabilities on his 2010 and 2011 returns. However, petitioner received taxable wage income in both years and, as discussed above, was liable for Federal income tax on his wages. Petitioner therefore had an underpayment for each year within the meaning of section 6662(a). Petitioner does not dispute that he worked during 2010 and 2011 and that he received payments from his employers in the amounts set forth in the notices of deficiency. In fact, petitioner acknowledges that he received information statements from his employers reporting these payments, but, instead of relying on these statements, he attached to his returns Forms 4852 that reported zero wages.

As discussed above, it is well settled that wages are taxable income and should be reported as such. See, e.g., Wilcox v. Commissioner, 848 F.2d at 1008-1009. Petitioner's position to the contrary demonstrates not only a failure to comply reasonably with the Code, but also negligence and a clear disregard of rules or regulations. Petitioner did not act with reasonable cause and in good faith. Accordingly, the Court holds that petitioner is liable for accuracy-related penalties under section 6662(a) for the 2010 and 2011 tax years.

**[\*15]** VII.   <u>Section 6673</u>

Section 6673(a) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless.  While petitioner advanced frivolous arguments in this proceeding, we decline to impose a section 6673 penalty against him at this time.  However, we warn petitioner that continuing to advance frivolous or groundless arguments may result in substantial penalties in the future.

We have considered the parties' arguments and, to the extent not addressed herein, conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Appropriate orders will be issued, and decisions will be entered under Rule 155</u>.