# United States Tax Court

T.C. Memo. 2025-21

PAUL H CHRISTIANSEN AND TERRE LYNN CHRISTIANSEN,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 1104-24.                                          Filed March 10, 2025.

_____

Paul H Christiansen and Terre Lynn Christiansen, pro sese.

*Rex R. Boge* and *Inga C. Plucinski-Holbrook*, for respondent.


## MEMORANDUM OPINION

LANDY, *Judge*: Respondent determined the following income tax deficiencies, section 6651(a)(1)[1] additions to tax, and section 6662(a) accuracy-related penalties:

| Year | Deficiency | Additions to Tax/Penalties | |
|------|------------|----------------|--------------|
| | | *§ 6651(a)(1)* | *§ 6662(a)* |
| 2014 | $4,579 | $876 | $916 |
| 2015 | 4,414 | 1,104 | 883 |
| 2016 | 4,304 | 1,076 | 861 |
| 2017 | 4,456 | 1,114 | 891 |
| 2018 | 3,744 | 936 | 749 |

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts have been rounded to the nearest dollar.

**[\*2]** For taxable years 2014 through 2018 (years in issue) and after concession,[2] the issues for decision are whether petitioners (1) failed to report all income received and (2) are liable for the section 6651(a)(1) additions to tax. All other adjustments are computational.

*Background*

This case was submitted fully stipulated pursuant to Rule 122. The facts are based on the parties' First and Second Stipulation of Facts, both with attached Exhibits, which are incorporated by this reference.

During the years in issue, Paul Christiansen was employed at Honeyville Grain, Inc. (Honeyville). Honeyville issued to Mr. Christiansen Forms W–2, Wage and Tax Statement, reporting that it paid him wages of $40,424, $43,214, $41,904, $45,044, and $51,691 for the years in issue, respectively. Terre Lynn Christiansen was employed at Winegars Supermarket (Winegars) during the years in issue and Winco Holdings, Inc. (Winco), in 2018. Winegars issued to Ms. Christiansen Forms W–2 reporting that it paid her wages of $9,907, $12,951, $13,672, $11,666, and $1,071 for the years in issue, respectively. Ms. Christiansen also received a 2018 Form W–2 from Winco reporting that it paid her wages of $5,604. Additionally, the Utah Department of Workforce Services (Utah Workforce Services) issued to Ms. Christiansen Forms 1099–G, Certain Government Payments, reporting that it paid her unemployment compensation of $6,548 and $2,220 for 2014 and 2015. Petitioners received the income reported on Forms W–2 and 1099–G for the years in issue.

Petitioners' returns were due by April 15, 2015, April 18, 2016, April 18, 2017, April 17, 2018, and April 15, 2019, respectively, for the years in issue. Petitioners voluntarily filed joint Forms 1040, U.S. Individual Income Tax Return, for the years in issue on January 3, 2022. Petitioners failed to report on Forms 1040 the wages received from Honeyville, Winegars, and Winco and the unemployment compensation received from Utah Workforce Services. The Forms 1040 for the years in issue reported no gross income and no tax liabilities.

On their Forms 1040 for the years in issue, petitioners wrote "26 C.F.R. § 1.61-2" and "[Office of Management and Budget (OMB)] Control No. 1545-0771" on the line for "Wages, salaries, tips, etc." For 2014 and 2015, petitioners also wrote "26 C.F.R. § 1.85-1" and "No OMB Approval"

---

[2] Respondent concedes that petitioners are not liable for the section 6662(a) accuracy-related penalties for the years in issue.

**[\*3]** on line 19 for unemployment compensation. Petitioners contend that Treasury Regulation §§ 1.61-2 and 1.85-1 were not regulations approved by OMB control No. 1545-0074 as listed on the Forms 1040, and consequently, they were not required to report the gross income received for the years in issue on their tax returns. Petitioners attached a supplemental statement to each Form 1040 that cited sections of the Internal Revenue Code and a variety of court cases to support their position that they were not required to report their wages and unemployment compensation received for the years in issue.

On November 8 and 15, 2023, respondent issued petitioners Notices of Deficiency for all years in issue. On each Notice of Deficiency, respondent determined that petitioners failed to report all wage income received and shown on Forms W–2 and unemployment compensation received and shown on Form 1099–G for 2014.[3] Respondent also determined that petitioners were liable for section 6651(a)(1) additions to tax and section 6662(a) accuracy-related penalties.[4] While residing in Utah, petitioners timely filed their Petition on January 23, 2024.

*Discussion*

I.     *Burden of Proof*

Generally, the Commissioner's determinations set forth in a Notice of Deficiency are presumed correct, and the taxpayers bear the burden of proving that the determinations are in error. Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). The parties submitted this case for decision without trial under Rule 122(a). The fact that this case has been submitted under Rule 122(a) "does not alter the burden of proof, or the requirements otherwise applicable with respect to adducing proof, or the effect of failure of proof." Rule 122(b). In any event petitioners have not established that the burden of proof has shifted to respondent pursuant to section 7491(a).

---

[3] The Notice of Deficiency issued for 2015 did not propose an adjustment to income for petitioners' failure to report unemployment compensation received by Ms. Christiansen.

[4] The cover pages of the Notices of Deficiency for 2015 through 2018 do not list the section 6651(a)(1) additions to tax although the proposed additions to tax are listed on Form 4549, Report of Income Tax Examination Changes, and other related pages which are attached to the cover page of each Notice of Deficiency.

[*4] II.    *Unreported Income*

Gross income includes all income from whatever source derived, including wages, salaries, and compensation for services and unemployment compensation. §§ 61(a)(1), 85(a); *see* Treas. Reg. §§ 1.61-1, 1.61-2(a)(1), 1.85-1; *see also Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429–31 (1955). In cases of unreported income in the U.S. Court of Appeals for the Tenth Circuit, the Commissioner must establish "[s]ome reasonable foundation for the assessment" to preserve the presumption of correctness. *Erickson v. Commissioner*, 937 F.2d 1548, 1551 (10th Cir. 1991) (emphasis omitted), *aff'g* T.C. Memo. 1989-552.[5] Once the Commissioner introduces substantive evidence linking the taxpayers with the unreported income, the presumption of correctness applies and the burden shifts to the taxpayers to produce substantial evidence to overcome it. *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991); *see also Minnig v. Commissioner*, T.C. Memo. 2023-1, at *4. Third-party reports of income, such as a Form W–2 or a Form 1099–G, may establish the necessary evidentiary foundation, *see Silver v. Commissioner*, T.C. Memo. 2021-98, at *5; *Oman v. Commissioner*, T.C. Memo. 2010-276, 2010 WL 5209360, at *5, unless the taxpayers raise a reasonable dispute concerning the accuracy of the report, *see* § 6201(d).

The Commissioner has met his threshold burden. The parties stipulated the Forms W–2 that petitioners received from Honeyville, Winegars, and Winco showing that petitioners were paid total wages as stated in the Notices of Deficiency for the years in issue. The parties also stipulated the Forms 1099–G showing that Ms. Christiansen received $6,548 and $2,220 in unemployment compensation from Utah Workforce Services in 2014 and 2015. Petitioners do not dispute they received the wages and unemployment compensation. Because petitioners have not raised a reasonable dispute concerning the accuracy of the Forms W–2 or 1099–G, section 6201(d) does not apply.[6] We

---

[5] Absent a stipulation to the contrary, *see* § 7482(b)(2), this case is appealable to the Tenth Circuit, and we follow the precedent of that court that is squarely on point, *see* § 7482(b)(1)(A); *Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

[6] Section 6201(d) is not applicable because petitioners' arguments are frivolous and do not constitute a factual or reasonable dispute as to the accuracy of the amounts shown on Forms W–2 or 1099–G. *See Gilmartin v. Commissioner*, T.C. Memo. 2022-64, at *7 n.9 (citing *Nelson v. Commissioner*, T.C. Memo. 2012-232, at *7–8, *aff'd*, 540 F. App'x 924 (11th Cir. 2013)), *aff'd*, No. 22-70228, 2024 WL 4262812 (9th Cir. Sept. 23, 2024); *Harriss v. Commissioner*, T.C. Memo. 2017-5, at *6, *aff'd*, 776 F. App'x 425 (9th Cir. 2019).

[*5] determine that the Forms W–2 and 1099–G establish a reasonable foundation connecting petitioners with the income-producing activities. Thus, respondent's determinations are presumed correct, and petitioners bear the burden of proving the contrary.

Petitioners have not advanced any nonfrivolous arguments or offered any credible evidence showing that the wages and unemployment compensation received are not taxable. Petitioners maintain that (1) the federal income tax system is one of "voluntary self-assessment" and they will not make a "gift" to the U.S. Treasury for any liabilities determined; (2) no federal statute exists that makes them, as married individuals, liable for the income tax imposed; (3) respondent failed to obtain OMB approval requiring them to report wage information and unemployment compensation on Form 1040; and (4) OMB approval is required before respondent can use information reported on Form W–2 to examine their Form 1040 returns. Petitioners further contend that respondent lacks the authority to determine unreported income or to determine petitioners' income tax liabilities.

These arguments and those like them have been rejected by our Court and others as frivolous. *See Lewis v. Commissioner*, 523 F.3d 1272, 1274–76 (10th Cir. 2008) (discussing how the Paperwork Reduction Act does not support arguments against the imposition of tax liability), *aff'g* T.C. Memo. 2007-44; *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (listing various arguments that "are completely lacking in legal merit and patently frivolous," including that "the income tax is voluntary"); *United States v. Lawson*, 670 F.2d 923, 925 (10th Cir. 1982) (holding that wages fall within the section 61(a)(1) definition of compensation and are thus taxable income); *Woods v. Commissioner*, 91 T.C. 88, 90 (1988) (rejecting contentions by the taxpayer that the federal income tax system is voluntary in the sense that it is optional). Accordingly, we will not elaborate further on petitioners' contentions. *See Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); *Wnuck v. Commissioner*, 136 T.C. 498, 499 (2011). We determine that petitioners offered no factual or legal support for their contention that respondent erred in determining the deficiencies for the years in issue.

In the Notice of Deficiency for 2015 respondent did not propose an adjustment to income for the unemployment compensation received by Ms. Christiansen. Respondent maintains that he is entitled to an

**[\*6]** increased deficiency for 2015, pursuant to section 6214(a) and Rules 41(b)(1) and 142(a)(1), because Ms. Christiansen received but failed to report the unemployment compensation for 2015. Section 6214(a) provides that this Court has jurisdiction to redetermine the correct amount of a deficiency, even if the amount so redetermined is greater than the amount the Commissioner determined in a Notice of Deficiency, if a claim is asserted by the Commissioner at or before the hearing or rehearing. Normally, we do not consider issues, including those for an increased deficiency, not properly pleaded or otherwise preserved. *See Estate of Petschek v. Commissioner*, 81 T.C. 260, 271–72 (1983), *aff'd*, 738 F.2d 67 (2d Cir. 1984); *Markwardt v. Commissioner*, 64 T.C. 989, 997 (1975). However, Rule 41(b)(1) provides:

> Issues not raised by the pleadings but tried by express or implied consent of the parties are treated in all respects as if raised in the pleadings. The Court, on motion of any party at any time, may allow any amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues, but failure to amend does not affect the result of the trial of these issues.

"[W]here [the Commissioner] raises an issue that could result in an increased deficiency without formally amending his pleading and that issue is tried with [the taxpayers'] express or implied consent, the requirement in section 6214(a) that [the Commissioner] make a claim for the increased deficiency is satisfied." *Smaldino v. Commissioner*, T.C. Memo. 2021-127, at \*16 (quoting *McGee v. Commissioner*, T.C. Memo. 2000-308, 2000 WL 1434240, at \*7).

The parties stipulated the 2015 Form 1099–G and that Ms. Christiansen was paid $2,220 in unemployment compensation in 2015. Petitioners have not shown that the unreported income is not taxable. Finding no unfair surprise or prejudice to petitioners, we will treat the unemployment compensation issue for 2015 as having been tried with petitioners' implied consent within the meaning of Rule 41(b)(1). We determine that, for 2015, petitioners received and failed to report unemployment compensation of $2,220. Through petitioners' implied consent, we also find that respondent satisfied the section 6214(a) requirement to assert an increased deficiency. We sustain respondent's determinations in the Notices of Deficiency regarding the unreported income for the years in issue, including petitioners' liability for an increased deficiency for 2015.

**[\*7]** III.   *Additions to Tax Pursuant to Section 6651(a)(1)*

Section 6651(a)(1) provides for an addition to tax for failure to file a timely return, in the amount of 5% of the tax required to be shown on a return for each month (or fraction thereof) a return is late, not to exceed 25% in the aggregate. The Commissioner bears the burden of production with respect to section 6651(a)(1) additions to tax, *see* § 7491(c), but taxpayers bear the burden of proving that the Commissioner's determinations are incorrect or that failure to file a timely return is due to reasonable cause and not to willful neglect, *Wheeler v. Commissioner*, 127 T.C. 200, 207–08 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008). The Commissioner may satisfy his burden by providing sufficient evidence to show that the taxpayers did not timely file their Form 1040 returns. *Id.*; *Higbee v. Commissioner*, 116 T.C. 438, 447 (2001).

Petitioners' returns for the years in issue were due by April 15, 2015, April 18, 2016, April 18, 2017, April 17, 2018, and April 15, 2019, respectively. *See* §§ 6072, 7503. Petitioners untimely filed their returns for the years in issue on January 3, 2022, as stipulated by the parties. Respondent has met his burden of production for the years in issue.

Petitioners now bear the burden of proving that the additions to tax are inappropriate or that their failure to file was due to reasonable cause and not willful neglect. *See United States v. Boyle*, 469 U.S. 241, 245 (1985); *Higbee*, 116 T.C. at 446–47; Treas. Reg. § 301.6651-1(a)(1). Willful neglect is a "conscious, intentional failure or reckless indifference." *Boyle*, 469 U.S. at 245. Failure to timely file a return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time, typically for reasons outside the taxpayer's control. *See id.* at 243; Treas. Reg. § 301.6651-1(c)(1).

In defense to the section 6651(a)(1) additions to tax, petitioners contend that respondent acted with "willful neglect and delay" in failing to timely respond to their inquiries for information, before the issuance of the Notices of Deficiency, as to why their income is taxable. The evidence before us does not support a finding that petitioners' failure to timely file was due to reasonable cause. We therefore find that petitioners have not met their burden, and we sustain respondent's determinations as to the section 6651(a)(1) additions to tax.

**[*8]** IV.    *Penalty for Maintaining a Frivolous Position*

The Court has discretionary authority to impose a penalty payable to the United States of not more than $25,000 on taxpayers whenever it appears that their position in a proceeding is "frivolous or groundless." *See* § 6673(a)(1)(B). We caution petitioners that a penalty may be imposed in any future case before this Court should they continue to pursue their misguided positions.

V.    *Conclusion*

We have considered all the arguments that the parties have made, and to the extent they are not addressed herein, we find the arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*