*United States v. Gilmartin*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

R**ULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.** C**ITATION TO A SUMMARY ORDER FILED ON OR AFTER** J**ANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY** F**EDERAL** R**ULE OF** A**PPELLATE** P**ROCEDURE 32.1 AND THIS COURT'S** L**OCAL** R**ULE 32.1.1.** W**HEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE** F**EDERAL** A**PPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION** "SUMMARY ORDER"**).** A **PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand seventeen.

PRESENT:   DENNY CHIN,
                      RAYMOND J. LOHIER, JR.,
                               *Circuit Judges*,
                      COLLEEN McMAHON,
                               *Chief District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                      *Appellee*,

                                                                            13-2876-cr

                      v.

DAVID GILMARTIN,
                      *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR DEFENDANT-APPELLANT:        David Gilmartin, *pro se*, Atwater, California.

---

[*]        Chief Judge Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                                   Stanley J. Okula, Jr., Nanette L. Davis, Special
                                                Assistant United States Attorneys, Karl
                                                Metzner, Assistant United States Attorney, *for*
                                                Joon H. Kim, Acting United States Attorney for
                                                the Southern District of New York, New York,
                                                New York.

Appeal from the United States District Court for the Southern District of New York (Cedarbaum, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant David Gilmartin was convicted after a jury trial of corruptly endeavoring to impede the due administration of the Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a); tax evasion, in violation of 26 U.S.C. § 7201; failure to file an income tax return, in violation of 26 U.S.C. § 7203; failure to pay taxes to the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7203; and mail fraud, in violation of 18 U.S.C. § 1341.

At trial, represented by counsel, Gilmartin conceded that he had not filed tax returns or paid taxes. He argued instead that he did not possess the requisite criminal intent for conviction because he held a good-faith belief that the IRS was not authorized to hold him liable for unpaid taxes. The district court excluded documentary evidence that he offered to support his beliefs -- written works that challenged the validity of the tax laws, excerpts of the Internal Revenue Code, and instructions published by the IRS -- concluding that the evidence would likely confuse

2

the jury, but permitted Gilmartin to testify about the documents. After the parties rested, the court instructed the jury that it had to unanimously agree on the specific factual allegations that established the counts of obstruction, tax evasion, and mail fraud. At sentencing, the court determined that Gilmartin was subject to a two-level enhancement for obstruction of justice because he had provided false testimony, but it ultimately imposed a below-Guidelines sentence of 48 months' imprisonment.

On appeal, Gilmartin, *pro se*, challenges (1) the district court's evidentiary ruling; (2) the sufficiency of the evidence of willfulness; (3) whether the jury unanimously agreed on the specific factual allegations that established the counts of obstruction, tax evasion, and mail fraud; (4) the lawfulness of his conviction because he is not liable for taxes; and (5) the timeliness of the mail fraud charge. In an earlier brief filed by counsel, before Gilmartin was permitted to proceed *pro se*, he also challenged the propriety of the two-level obstruction of justice enhancement.

## I.    Exclusion of documentary evidence

We review evidentiary rulings for abuse of discretion, reversing only for manifest error. *United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010). Under Federal Rule of Evidence 403, a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The district court did not abuse its discretion in excluding Gilmartin's documentary evidence, which included

3

argumentary materials regarding the "voluntary nature" of filing tax returns and excerpts from the Internal Revenue Code, as it had the potential to confuse the jury. *See United States v. Kraeger*, 711 F.2d 6, 7-8 (2d Cir. 1983) (per curiam); *see also United States v. Payne*, 978 F.2d 1177, 1182 (10th Cir. 1992). Furthermore, although the documents were excluded, the district court permitted Gilmartin to testify about the documents and the basis of his understanding of the tax laws. We agree that the probative value of the evidence did not substantially outweigh the danger of unfair prejudice or confusion.

## II. Sufficiency of the Evidence

Gilmartin argues that the evidence was insufficient to establish the requisite criminal intent for his convictions.[1] "It is well-established that a defendant challenging the sufficiency of the evidence bears a heavy burden." *United States v. Aguiar*, 737 F.3d 251, 264 (2d Cir. 2013) (internal quotation marks and citation omitted). When considering a sufficiency challenge, "we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *Id.* A jury verdict must stand as long as "*any* rational trier of fact could have found the essential elements of the

---

[1] For Counts Two, Three, and Four, tax evasion, failure to file a tax return, and failure to pay taxes, the government was required to prove willfulness. *See United States* v. *Josephberg*, 562 F.3d 478, 488 (2d Cir. 2009) (tax evasion); *United States* v. *Hassebrock*, 663 F.3d 906, 919 (7th Cir. 2011) (failure to file); *United States* v. *McGill*, 964 F.2d 222, 239-40 (3d Cir. 1992) (failure to pay). For Count One, IRS obstruction, the government had to show that Gilmartin acted "corruptly," or with "the intent to secure an unlawful advantage or benefit" for himself or another. *United States v. Marinello*, 839 F.3d 209, 218 (2d Cir. 2016) (quoting *United States v. Parse*, 789 F.3d 83, 121 (2d Cir. 2015)). For Count Five, mail fraud, the government had to prove Gilmartin's specific intent to defraud the United States of federal taxes. *See United States v. Parse*, 789 F.3d 83, 121 (2d Cir. 2015).

crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

In the tax fraud context, willfulness is established when the government shows (1) "the law imposed a duty on the defendant"; (2) "the defendant knew of [that] duty"; and (3) "[the defendant] voluntarily and intentionally violated that duty." *United States v. Klausner*, 80 F.3d 55, 62-63 (2d Cir. 1996) (quoting *Cheek v. United States*, 498 U.S. 192, 201 (1991)). Willfulness may be established by circumstantial evidence. *Id.* at 62-63. We have previously determined that certain facts can support an inference that a defendant willfully violated his duty to obey tax laws, including the defendant's prior taxpaying record, *United States v. Bok*, 156 F.3d 157, 165 (2d Cir. 1998); educational background, *United States v. MacKenzie*, 777 F.2d 811, 818 (2d Cir. 1985); and knowledge of previous court rulings against the defendant or others who relied on the defendant's theory of tax law, *United States v. Schiff*, 801 F.2d 108, 112 (2d Cir. 1986); *United States v. Ebner*, 782 F.2d 1120, 1126 (2d Cir. 1986) (defendants' continued claim of tax-exempt status after court issued judgment against them "was strong proof to rebut [the] contention that they did not knowingly do anything illegal").

The government presented compelling evidence to establish Gilmartin's intent to violate the Tax Code, secure an unlawful advantage for himself, and deprive the IRS of taxes owed. The record is replete with evidence of Gilmartin's advanced education level, history of filing valid tax returns, and knowledge of case law that rejected his theory of tax liability. In particular, Gilmartin refused to file returns after a

5

New York State appellate court rejected his arguments and dismissed his appeal, which belies the contention that he did not knowingly violate the law. *Ebner*, 782 F.2d at 1126. Thus, the government provided sufficient evidence for a rational jury to conclude that Gilmartin acted with the requisite intent.

Finally, Gilmartin may not rely on his purportedly good-faith belief that he was not required to pay taxes, as such a defense "encompasses misunderstanding of the law, not disagreement with the law." *Schiff*, 801 F.2d at 112. Claims regarding the constitutionality of the Tax Code that "do not arise from innocent mistakes caused by the complexity of the [code]" are wholly different, do not negate willfulness, and do not provide a defense to criminal prosecution. *Cheek*, 498 U.S. at 205-06.

### III. Unanimity of Jury Findings

Gilmartin also challenges his conviction on the ground that the district court did not require a special verdict form and, therefore, there is no proof that the jury unanimously agreed on the specific allegations that established the counts of obstruction, tax evasion, and mail fraud. We review this argument for plain error as it was not raised below and find no such error here. *United States v. Kozeny*, 667 F.3d 122, 131 (2d Cir. 2011). Gilmartin's argument fails because the district court instructed the jury that it had to unanimously agree on the specific allegations of the counts in question, and a jury is assumed to have followed the instructions given to it by the court. *United States v. Jass*, 569 F.3d 47, 55 (2d Cir. 2009).

6

## IV. Tax Protestor Arguments

Gilmartin's argument that that his conviction should be overturned because he was not liable for taxes is also unavailing. We have consistently rejected these arguments, and they do not provide a basis for Gilmartin to challenge his conviction. *See, e.g., Ficalora v. C.I.R.*, 751 F.2d 85, 87-88 (2d Cir. 1984).

## V. Timeliness of Mail Fraud Charge

Gilmartin asserts on appeal that he was charged with mail fraud more than five years after his last allegedly fraudulent mailing. Gilmartin did not raise this defense before the district court, thereby waiving his right to assert it on appeal. *See United States* v. *Walsh*, 700 F.2d 846, 855-56 (2d Cir. 1983).

## VI. Sentencing Enhancement

We review a sentencing court's application of the Sentencing Guidelines *de novo* and its underlying factual findings with respect to sentencing for clear error. *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011). A defendant is subject to the two-level enhancement if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice." U.S.S.G. § 3C1.1. The enhancement is appropriate when a defendant gives "false testimony concerning a material matter with the willful intent to provide false testimony." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993).

Although Gilmartin, through his prior counsel, characterizes his testimony as merely a frivolous legal position, Gilmartin's education, continued failure

7

to pay taxes despite repeated notice from the IRS regarding his obligations, and knowledge of legal precedent rejecting his theories undermine his testimony that he believed in good faith that he had no obligation to pay taxes. Accordingly, the district court's finding that Gilmartin gave false testimony regarding his understanding of his obligation to pay taxes was not clearly erroneous.

We have considered all of Gilmartin's remaining arguments and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk