# United States Tax Court

T.C. Memo. 2022-64

DAVID GILMARTIN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 21604-18.                     Filed June 23, 2022.

————

David Gilmartin, pro se.

*Melissa Jane Hedtke*, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, *Judge*: For taxable years 1997, 1998, 1999, 2000, 2001, 2002, 2004, 2005, 2006, 2008, 2009, and 2010 (years in issue), respondent determined federal income tax deficiencies and additions to tax as follows:[1]

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

| [*2] Year | Deficiency | Additions to tax | | |
|---|---|---|---|---|
| | | § 6651(f) | § 6651(a)(2) | § 6654 |
| 1997 | $33,163 | $24,043.18 | $8,290.75 | $1,763.53 |
| 1998 | 9,971 | 7,228.98 | 2,492.75 | 452.59 |
| 1999 | 34,586 | 25,074.85 | 8,646.50 | 1,661.08 |
| 2000 | 43,357 | 31,433.83 | 10,839.25 | 2,331.92 |
| 2001 | 31,173 | 22,600.43 | 7,793.25 | 1,245.79 |
| 2002 | 13,779 | 9,989.78 | 3,444.75 | 460.45 |
| 2004 | 10,095 | 1,565.28 | 539.75 | -0- |
| 2005 | 36,599 | 24,060.58 | 8,296.75 | 1,315.95 |
| 2006 | 3,448 | 898.28 | 309.75 | -0- |
| 2008 | 21,831 | 2,201.10 | 759.00 | -0- |
| 2009 | 26,797 | 4,183.97 | 1,442.75 | -0- |
| 2010 | 24,363 | 3,675.03 | 1,267.25 | -0- |

The issues for decision are whether (1) petitioner failed to report taxable income for the years in issue; (2) petitioner is liable for self-employment tax on nonemployee compensation received during taxable years 1997, 1998, 1999, 2000, 2001, 2002, 2004, 2005, and 2006; (3) petitioner is liable for additions to tax under section 6651(a)(2) for the years in issue; (4) petitioner is liable for additions to tax under section 6654 for taxable years 1997, 1998, 1999, 2000, 2001, 2002, and 2005; and (5) the Court should impose a penalty on petitioner under section 6673(a)(1).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. We incorporate the parties' First Stipulation of Facts, First Supplemental Stipulation of Facts, Second Supplemental Stipulation of Facts, and accompanying exhibits by this reference. Petitioner resided in California when he filed his Petition.

*Compensation for services and other economic activities*

Petitioner has a doctorate in economics. During the years in issue he worked as an economist for various employers and clients.[2]

---

[2] Petitioner performed a variety of services, including (1) analyzing and reconstructing clinical databases, (2) forecasting potential bad debt, (3) performing

[*3] Petitioner's clients, for which he performed consulting work, included General Electric Capital Corp., Pfizer, Inc., WCI Financial Corp., NU Skin International, Inc., the Builders Association, Inc., National Economic Research Associates, Allegiance Group, and Atlantic Search Group, Inc. Those businesses compensated petitioner for his services and issued him Forms 1099–MISC, Miscellaneous Income. Petitioner's employers included Klein Management Systems, Software Guidance & Assistance, Inc., Trans Action Information, Aerotek, Inc., Network Integration, and Eliassen Group, LLC. Those businesses paid wages to petitioner and issued him Forms W–2, Wage and Tax Statement.

In 1997 petitioner received interest income of $29 and $31 from Chase Manhattan Bank and First National Bank, respectively. Those entities issued petitioner Forms 1099–INT, Interest Income, reporting those payments. The following year, petitioner received $671 for the sale of stocks and bonds. In connection therewith, First Chicago Trust Co. of New York issued petitioner Form 1099–B, Proceeds From Broker and Barter Exchange Transactions, reporting the sales proceeds. In 2005 and 2006 petitioner received distributions of $17,063 and $11,045, respectively, from an investment account held at Sungard Business Systems (Sungard). Sungard issued petitioner Forms 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reporting that those distributions were taxable.

*Tax noncompliance and criminal conviction*

Petitioner failed to file federal income tax returns for taxable years 1989 through 2010. On June 25, 2012, a grand jury returned an indictment with respect to those taxable years, charging petitioner with (1) corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws under section 7212(a), (2) tax evasion under section 7201, and (3) mail fraud under 18 U.S.C. § 1341.[3] On July 16, 2013, after a jury trial, the U.S. District Court for the Southern District of New York entered a judgment of guilty as to each count set forth in

---

profitability analyses, (4) updating a trading system for over-the-counter options on government securities for a large brokerage firm, (5) conducting statistical analyses, and (6) analyzing and preparing testimony for companies involved in various patent and antitrust litigation.

[3] The grand jury also charged petitioner with failing to file an income tax return and failing to pay tax under section 7203 with respect to taxable year 2005.

**[\*4]** the indictment. The district court imposed a prison sentence of 4 years, supervised release of 3 years, and restitution of $1,672,399.62. After petitioner appealed, the U.S. Court of Appeals for the Second Circuit affirmed the conviction on May 10, 2017.

In both the district court and appellate proceedings, petitioner advanced arguments that this Court and others have found to be frivolous. In a summary order affirming petitioner's conviction, the Second Circuit rejected those arguments, stating: "We have consistently rejected [petitioner's] arguments, and they do not provide a basis for [petitioner] to challenge his conviction." *United States v. Gilmartin*, 684 F. App'x 8, 12 (2d Cir. 2017).

*Substitutes for returns, notice of deficiency, and proceedings in this Court*

Having received no returns from petitioner for the years in issue, respondent prepared substitutes for returns (SFRs) on the basis of third-party reporting.[4] *See* § 6020(b). On July 30, 2018, respondent issued petitioner a notice of deficiency determining that he had taxable income as follows:

| Tax year | *1997* | *1998* | *1999* | *2000* | *2001* | *2002* |
|---|---|---|---|---|---|---|
| Wages | $87,998 | $37,009 | $1,518 | -0- | -0- | -0- |
| Gross receipts | 38,844 | 11,600 | 102,450 | $129,044 | $93,500 | $49,760 |
| Interest | 60 | -0- | -0- | -0- | -0- | -0- |
| Taxable distribution | -0- | -0- | -0- | -0- | -0- | -0- |
| Short-term capital gain | -0- | 671 | -0- | -0- | -0- | -0- |
| **Total** | **$126,902** | **$49,280** | **$103,968** | **$129,044** | **$93,500** | **$49,760** |

---

[4] Each of the SFRs includes Form 4549–A, Income Tax Examination Changes (Unagreed and Excepted Agreed), Form 886–A, Explanation of Items, and Form 13496, IRC Section 6020(b) Certification.

| [*5] Tax year | *2004* | *2005* | *2006* | *2008* | *2009* | *2010* |
|---|---|---|---|---|---|---|
| Wages | $31,500 | -0- | -0- | $108,442 | $127,481 | $118,828 |
| Gross receipts | 20,000 | $99,043 | $12,240 | -0- | -0- | -0- |
| Interest | -0- | -0- | -0- | -0- | -0- | -0- |
| Taxable distribution[5] | -0- | 17,063 | 11,045 | -0- | -0- | -0- |
| Short-term capital gain | -0- | -0- | -0- | -0- | -0- | -0- |
| **Total** | **$51,500** | **$116,106** | **$23,285** | **$108,442** | **$127,481** | **$118,828** |

The notice of deficiency also includes a determination that petitioner is liable for self-employment tax on the nonemployee compensation he had received during 1997 through 2002 and 2004 through 2006.[6] Moreover, respondent determined additions to tax under section 6651(a)(2) and (f) for all years in issue.[7] For 1997, 1998, 1999, 2000, 2001, 2002, and 2005, respondent also determined additions to tax under section 6654.

After petitioner timely petitioned this Court, this case was set for trial at a Los Angeles, California, Trial Session of the Court. Before trial, petitioner stipulated that he had received all of the wages and gross receipts determined by respondent. He advanced only frivolous arguments at trial—namely, that individuals are not liable for income tax on their wages and/or compensation for services.

---

[5] The notice of deficiency characterizes the 2005 and 2006 distributions from Sungard as distributions from an individual retirement account (IRA).

[6] For each year he determined self-employment tax, respondent allowed petitioner a deduction for one-half of the self-employment tax to be paid.

[7] On November 26, 2019, respondent filed a Motion for Partial Summary Judgment. Therein respondent argued that petitioner's criminal conviction under section 7201 collaterally estopped him from contesting that he had fraudulently failed to file his federal income tax returns under section 6651(f) for the years in issue. *See George v. Commissioner*, T.C. Memo. 2015-158, at *26 ("[A] conviction under section 7201 based upon failure to file a return will constitute collateral estoppel for the fraudulent failure to file penalty under section 6651(f)."), *aff'd*, 837 F.3d 79 (1st Cir. 2016). By Order dated January 21, 2020, we granted respondent's motion. Accordingly, we do not further address herein petitioner's liability for the section 6651(f) additions to tax.

**[\*6]**  At the conclusion of trial, respondent made an oral motion to impose a section 6673(a)(1) penalty against petitioner.  The Court told petitioner that there was extensive caselaw rejecting his arguments and sanctioning taxpayers who made similar arguments.  The Court also read the text of section 6673(a)(1) to petitioner before taking respondent's Motion under advisement.

Petitioner subsequently filed a 147-page Simultaneous Opening Brief expounding the frivolous arguments he had raised at trial.

OPINION

I.  *Unreported income*

A.  *Burden of proof*

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the Commissioner's determinations are erroneous.[8]  *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).  In cases of unreported income, the Commissioner must establish an evidentiary foundation connecting the taxpayer to the income-producing activity, *Weimerskirch v. Commissioner*, 596 F.2d 358, 361 (9th Cir. 1979), *rev'g* 67 T.C. 672 (1977), or demonstrate that the taxpayer actually received income, *Edwards v. Commissioner*, 680 F.2d 1268, 1270–71 (9th Cir. 1982).  Information supplied to the Internal Revenue Service on Forms W–2 and 1099 is sufficient to meet this burden.  *See Hardy v. Commissioner*, 181 F.3d 1002, 1005 (9th Cir. 1999), *aff'g* T.C. Memo. 1997-97; *Holland v. Commissioner*, T.C. Memo. 2021-129, at \*5, *aff'd per curiam without published opinion*, 2022 WL 1619849 (4th Cir. May 23, 2022).  Once the Commissioner makes the required threshold showing, the burden shifts to the taxpayer to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous.  *See Williams v. Commissioner*, 999 F.2d 760, 763 (4th Cir.

---

[8] Section 7491(a) provides that if, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability for tax and meets other prerequisites, the burden of proof rests on the Commissioner as to that factual issue.  *See Higbee v. Commissioner*, 116 T.C. 438, 440–41 (2001).  Petitioner has neither claimed nor shown that he satisfied the requirements of section 7491(a) to shift the burden of proof to respondent.

**[\*7]** 1993), *aff'g* T.C. Memo. 1992-153; *Holland*, T.C. Memo. 2021-129, at \*5.

Respondent has established an evidentiary foundation linking petitioner to the unreported income at issue. Petitioner stipulated that he received the wages and gross receipts determined by respondent. Petitioner also stipulated the existence of Forms 1099 reporting his interest income for 1997 and stock sales for 1998. With respect to respondent's determinations of taxable distributions for 2005 and 2006, the record includes Forms 1099–R reporting those distributions. Accordingly, respondent's determinations of unreported income for the years in issue are presumed correct, and petitioner bears the burden of proving that those determinations are erroneous.[9] *See* Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. at 115.

B.      *Wages and gross receipts*

Respondent determined that petitioner had unreported wages and/or nonemployee compensation from employers and/or clients for the years in issue. Petitioner, as best we can understand from his Simultaneous Opening Brief, contends that he is not liable for tax on compensation for his services.

Section 1 imposes an income tax on taxable income, and section 63 defines taxable income as gross income minus deductions. Section 61(a) defines gross income to include "income from whatever source derived." More specifically, section 61(a)(1) includes in an individual's gross income any compensation for services. Clearly, the wages and nonemployee compensation petitioner received from his employers and clients is gross income for federal income tax purposes. *See Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 431 (1955) (stating that gross income includes all accessions to wealth that are clearly realized and under the control of the taxpayer); *McNair v. Eggers*, 788 F.2d 1509, 1510 (11th Cir. 1986) (describing the taxpayer's argument that his wages were not income as "patently frivolous"); *Grimes v.*

---

[9] Under section 6201(d), if a taxpayer asserts a reasonable dispute with respect to an item of income reported on an information return filed by a third party and the taxpayer meets certain other requirements, the Commissioner bears the burden of producing reasonable and probative evidence, in addition to the information return, concerning the deficiency attributable to the income item. However, section 6201(d) is not applicable here because petitioner's frivolous arguments do not constitute a "reasonable dispute" with respect to an item of income. *See, e.g., Nelson v. Commissioner*, T.C. Memo. 2012-232, at \*7–8, *aff'd*, 540 F. App'x 924 (11th Cir. 2013).

[*8] *Commissioner*, 82 T.C. 235, 237 (1984), *aff'd per curiam*, 806 F.2d 1451 (9th Cir. 1986); *Reiff v. Commissioner*, 77 T.C. 1169, 1173 n.7 (1981).

Petitioner's assertion to the contrary—i.e., that the payments made to him for his services are not taxable—is frivolous and characteristic of rhetoric that has been universally rejected by this and other courts. *See Wilcox v. Commissioner*, 848 F.2d 1007 (9th Cir. 1988), *aff'g* T.C. Memo. 1987-225; *Samples v. Commissioner*, T.C. Memo. 2009-167. The Court need not address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *See Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984); *Wnuck v. Commissioner*, 136 T.C. 498 (2011). Consequently, we uphold respondent's determinations with respect to petitioner's wage income and nonemployee compensation for the years in issue.

C.    *Other income*

Respondent determined that petitioner did not report interest income for 1997, short-term capital gain income for 1998, and IRA distributions for 2005 and 2006. Section 61(a)(3) and (4) includes in an individual's gross income interest payments and gains derived from dealings in property. Subject to certain exceptions, amounts distributed from an IRA are includible in a taxpayer's gross income as provided in section 72. § 408(d)(1).

Petitioner has directed us to no evidence showing respondent's determinations of unreported income to be arbitrary or erroneous.[10] We therefore sustain respondent's determinations in full.

II.    *Self-employment tax*

Respondent determined that petitioner is liable for self-employment tax on the nonemployee compensation he had received during 1997 through 2002 and 2004 through 2006.

---

[10] With respect to the 2005 and 2006 distributions, the parties' First Supplemental Stipulation of Facts characterizes the Sungard account as an investment account rather than an IRA. Respondent determined that the distributions were taxable on the basis of Forms 1099–R filed by Sungard. Petitioner has not offered any evidence to establish a basis in that account or otherwise refute respondent's determination that the distributions were taxable.

**[\*9]** Section 1401(a) imposes, in addition to other taxes, a tax "on the self-employment income of every individual." Self-employment income generally consists of the gross income derived by an individual from any trade or business carried on by such individual, less the allowable deductions attributable to such trade or business, during any taxable year. *See* § 1402(a) and (b).

Petitioner performed consulting services for several businesses and received compensation therefrom at various times during the years in issue. Income received as an independent contractor falls within the definition of "self-employment income." *See, e.g., Delgado v. Commissioner*, T.C. Memo. 2021-84, at \*5. Other than the meritless argument mentioned above, petitioner has made no other arguments as to why that income should be excluded from self-employment income. We accordingly sustain respondent's determination that petitioner is liable for self-employment tax in the amounts set forth in the notice of deficiency.

III. *Section 6651(a)(2) additions to tax*

For each year in issue, respondent determined that petitioner is liable for an addition to tax under section 6651(a)(2) for failure to timely pay his tax liability. Section 6651(a)(2) provides for an addition to tax of 0.5% per month up to 25% for failure to pay the amounts shown on a return unless it is shown that the failure is due to reasonable cause and not due to willful neglect.

Section 7491(c) provides that the Commissioner bears the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount. *See Higbee*, 116 T.C. at 446. To satisfy the burden of production, respondent must produce sufficient evidence that returns showing tax liabilities were filed for the years in issue. *See Wheeler v. Commissioner*, 127 T.C. 200, 210 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008). A return prepared by the Commissioner in accordance with section 6020(b) is treated as the return filed by the taxpayer for the purpose of determining the amount of the addition under section 6651(a)(2). § 6651(g)(2); *Wheeler*, 127 T.C. at 208–09.

Respondent has the burden of proving that SFRs satisfying the requirements of section 6020(b) were submitted. *See Cabirac v. Commissioner*, 120 T.C. 163, 170–71, 173 (2003), *aff'd per curiam without published opinion*, 2004 U.S. App. LEXIS 28852 (3d Cir. Feb.

**[*10]** 10, 2004); *Gleason v. Commissioner*, T.C. Memo. 2011-154, 2011 Tax Ct. Memo LEXIS 151, at *38–39; *see also Wheeler*, 127 T.C. at 210. To constitute a section 6020(b) SFR, "the return must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a 'return.'" *Rader v. Commissioner*, 143 T.C. 376, 382 (2014) (quoting *Spurlock v. Commissioner*, T.C. Memo. 2003-124, 2003 Tax Ct. Memo LEXIS 123, at *42), *aff'd*, 616 F. App'x 391 (10th Cir. 2015). The Court has held that the requirements of section 6020(b) have been met where the SFRs consist of Forms 4549–A, Forms 886–A, and Forms 13496. *See id.*; *Gleason*, 2011 Tax Ct. Memo LEXIS 151, at *39–40.

Petitioner's SFRs include Forms 4549–A, Forms 886–A, and Forms 13496 showing unpaid tax liabilities for the years in issue. Further, each SFR purports to be a "section 6020(b) return," contains the information necessary to calculate petitioner's liability, and is subscribed. Petitioner's SFRs constitute valid section 6020(b) returns deemed to have been filed by petitioner for purposes of section 6651(a)(2). Accordingly, respondent has satisfied the burden of production.

Once the Commissioner meets the burden of production, the burden of proof is with the taxpayer to show that the additions to tax should not be imposed. *See Higbee*, 116 T.C. at 446–47. Petitioner's burden requires that he prove that his failure to timely pay his federal income tax was due to reasonable cause and was not due to willful neglect. *See* § 6651(a)(2).

Petitioner has failed to present any evidence that would establish that his failure to pay timely was due to reasonable cause, and instead he has sought to rely on unreasonable and unsupportable arguments. Accordingly, petitioner is liable for the additions to tax under section 6651(a)(2) for the years in issue.

IV. *Section 6654 additions to tax*

Respondent determined additions to tax under section 6654 for 1997, 1998, 1999, 2000, 2001, 2002, and 2005. Section 6654 imposes an addition to tax on an individual who underpays his or her estimated tax. The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. § 6654(c) and (d). Each required installment is equal to 25% of the "required

[*11] annual payment." § 6654(d). The burden of production under section 7491(c) requires the Commissioner to produce, for each year for which the addition is asserted, evidence that the taxpayer had a "required annual payment." *See Wheeler*, 127 T.C. at 211. Where the taxpayer filed no return for the current tax year or the immediately preceding tax year, the "required annual payment" is equal to 90% of the tax due for the current year. § 6654(d)(1)(B).

We conclude that respondent has met his burden of production. Petitioner stipulated that he did not file returns for taxable years 1989 through 2010. His "required annual payment" thus equaled 90% of the tax due for each of 1997, 1998, 1999, 2000, 2001, 2002, and 2005. *See* § 6654(a), (d)(1)(B). The record includes SFRs showing tax due for those years. Petitioner has neither argued nor shown that he made the "required annual payment" for any of those years. We will therefore sustain respondent's determination of additions to tax under section 6654.

V.    *Frivolous position penalty*

We now consider respondent's oral motion to impose a penalty against petitioner pursuant to section 6673(a)(1). That section authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless. Respondent contends that a penalty is appropriate because petitioner advanced frivolous arguments throughout this proceeding. We agree.

Petitioner was aware that the arguments he advanced in this case have been universally rejected by this and other courts. Before trial he was convicted of, among other things, tax evasion under section 7201. In a summary order affirming his conviction, the Second Circuit stated that it has "consistently rejected" petitioner's arguments. *See Gilmartin*, 684 F. App'x at 12. After petitioner advanced the same arguments at trial, this Court advised him of our longstanding caselaw rejecting his arguments. The Court also read the text of section 6673(a)(1) to petitioner. Despite our warning, petitioner filed a 147-page brief expounding his frivolous arguments. We will therefore impose a penalty of $5,000 against petitioner pursuant to section 6673(a)(1).

**[*12]**  We have considered the parties' arguments and, to the extent not addressed herein, conclude that they are moot, irrelevant, or without merit.

The foregoing considered,

*An appropriate order will be issued, and decision will be entered for respondent.*